IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  1:09-cv-1009 |
| | ) | JURY DEMANDED |
| WASTE MANAGEMENT, INC. OF | ) | |
| TENNESSEE | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION REGARDING
DEFENDANT'S MOTION FOR SANCTIONS

Before the Court is Defendant's Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11 (Doc. 7).  Defendant has complied with the "safe harbor" provision of the Rule.[1] Plaintiff has responded to the Motion and both parties have filed additional pleadings thereafter zealously advocating their positions.  On May 27, 2009, the Motion was referred to the Magistrate Judge.  Because the Motion is dispositive, the Magistrate Judge must make a recommendation.  *See Bennett v. General Caster Serv. Of N. Gordon Co.,* 976 F.2d 995 (6th Cir. 1992) (finding that Rule 11 Motions for sanctions are dispositive and magistrate judges may only

---

[1] Federal Rule of Civil Procedure 11(c)(2) provides as follows:
>A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

enter orders regarding them in consent cases).  After reviewing the pleadings and considering the arguments contained therein, the Magistrate Judge finds that sanctions are inappropriate and therefore recommends that the Court deny Defendant's Motion.

Defendant has brought this Motion on the basis that Plaintiff's allegations that Defendant failed to fulfill its notification requirements regarding COBRA benefits have no evidentiary support.  Defendant maintains that it "did in fact comply with all requirements regarding notification of the availability of COBRA benefits."  Motion for Sanctions, p. 1.  Plaintiff argues in response that his mailing address was "21 Amber Oaks Cove, Jackson, Tennessee 38305," while the COBRA benefits information was mailed to "21 Amber Oak Cove, Jackson, Tennessee 38305."  Plaintiff has submitted an affidavit stating that he did not receive the benefits information.  Defendant makes several arguments in its Reply, including that Plaintiff received other mail addressed in the same way and that the manager of customer service for the Jackson, Tennessee Post Office branch responsible for delivering mail in Plaintiff's area has stated that mail is delivered to the address which most closely resembles the address on the envelope.  In his Sur-Reply, Plaintiff argues, *inter alia*, that just because a postal worker delivered some mail that was incorrectly addressed to his house does not mean all incorrectly addressed mail was delivered to his house.  Plaintiff also argues that there have been different mail carriers during the time period in question.

Rule 11 of the Federal Rules of Civil Procedure provides that every pleading, written motion, or other paper being filed be signed by an attorney, if the party is represented, and requires the attorney to certify through signing it "after an inquiry reasonable under the circumstances," that the document "is not being presented for any improper purpose," and that "the claims, defenses and other legal contentions are warranted by existing law or by a

2

nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(a), (b).  Rule 11 authorizes sanctions for the filing of papers that are frivolous, lacking in factual support, or presented for any improper purpose, such as to harass. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998).

In *Albright v. Upjohn Co.*, 788 F.2d 1217 (6th Cir. 1986), the Sixth Circuit Court of Appeals adopted the following standard for Rule 11 sanctions first enunciated by the D.C. Circuit:

> Under Rule 11, sanctions may be imposed if a reasonable inquiry discloses the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay.  In determining whether factual (1) or dilatory or bad faith (3) reasons exist which may give rise to invocation of Rule 11 sanctions, the district court is accorded wide discretion.  For the district court has tasted the flavor of the litigation and is in the best position to make these kinds of determinations.  However, once the court finds that these factors exist, Rule 11 requires that sanctions of some sort be imposed.  A refusal to invoke Rule 11 constitutes error.  On the other hand, a decision whether the pleading or motion is legally sufficient (2) involves a question of law and receives this court's de novo review.  The selection of the type of sanction to be imposed lies of course within the district court's sound exercise of discretion.  Thus, we interpret Rule 11 not to have removed from the district court the discretion it needs to efficiently carry out its duties and manage its caseload, but rather to require that sanctions be imposed once the district court's exercise of discretion finds sanctionable circumstances.

*Id*. at 1221-22 (quoting *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1174-75 (D.C. Cir. 1985)).

In the present case, Defendant has argued that sanctions are appropriate because there is no evidentiary support for Plaintiff's COBRA notice requirement allegations.  However, Defendant has failed to convince the Magistrate Judge that the allegations at issue have no basis. Although Plaintiff's allegations regarding the COBRA notice may ultimately fail, there does

appear to be some support for those claims. For example, Plaintiff has demonstrated that the COBRA notice was not mailed to Plaintiff's exact address, and he has submitted his sworn affidavit stating he did not receive the information. Accordingly, the Magistrate Judge recommends that Defendant's Motion be denied.

Respectfully submitted,

**s/ Edward G. Bryant**
EDWARD G. BRYANT
United States Magistrate Judge

**July 30, 2009**
Date

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**